# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Stephanie Ramirez Mortin,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-00368-ADA-SH** |
| | § | |
| **Damian Zepeda,** | § | |
| *Defendant* | § | |
| | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Stephanie Ramirez Mortin's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Preliminary Injunction and Summary Judgment (Dkt. 3), all filed February 17, 2026.[1]

## I.    Background

Plaintiff alleges claims for copyright infringement, fraud, and violations of the False Claims Act against Defendant Damian Zepeda. Complaint, Dkt. 1 at 3. Plaintiff alleges that Defendant is using her photography and film content without her permission and claiming he owns the rights to her work. *Id.* at 6.

## II.    Application to Proceed *In Forma Pauperis*

Plaintiff seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without prepaying the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

"without prepayment of fees or security therefor" if she shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing her application, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** her *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if the action is found to be frivolous or malicious under § 1915(e)(2), fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.    Frivolousness Review Under Section 1915(e)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if the court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pleadings of those who, like Plaintiff, proceed *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid

dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

Plaintiff's complaint lacks sufficient factual detail for the Court to evaluate the plausibility of her claims. *Iqbal*, 556 U.S. at 678. To determine whether she has alleged plausible claims, the Court **ORDERS** Plaintiff to file a More Definite Statement answering the following questions **by April 3, 2026**:

1. Did Defendant present or cause to be presented a claim for payment to the United States? Was the claim false or fraudulent?

2. How did you rely on Defendant's representation that he would not use your content? Describe how that reliance was reasonable.

3. Do you hold a U.S. copyright registration for any of the allegedly infringed works? If so, submit the U.S. registration number(s) and a copy of any certificate(s) of registration.

4. Clearly state what original elements of your registered work(s) Defendant allegedly copied.

The Court **WARNS** Plaintiff that failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed.

## IV. Motion for Preliminary Injunction and Summary Judgment

Plaintiff files a one-sentence motion for preliminary injunction and summary judgment, asking the Court "to remove my photography work from Damian Zepeda's promotional content, and to never allow him to use my work." Dkt. 3.

To obtain a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Nichols*

*v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). For summary judgment under Rule 56, a plaintiff must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff addresses neither of these standards in her motion. This Magistrate Judge **RECOMMENDS** that the District Court deny her motion without prejudice to refiling.

## V.    Order

The Court **GRANTS** Plaintiff Stephanie Ramirez Mortin's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** her Complaint to be filed without prepayment of fees or costs or giving security therefor under 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** Plaintiff to file a more definite statement consistent with the instructions above **by April 3, 2026**.

## VI.    Recommendation

The Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction and Summary Judgment (Dkt. 3) without prejudice.

## VII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 19, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE